Bergan, J. (dissenting).
Had the police intruded into the defendant’s home in the same manner employed by plaintiff and his detectives, and found evidence of murder, the court would have suppressed the evidence on constitutional grounds. It is not possible to draw a fully logical difference on the question of admissibility between evidence wrongfully obtained by a private citizen and evidence wrongfully obtained by public authority. Indeed, since the motivation of public authority is the common good of the community and the motivation of the private citizen the advantage of his lawsuit, it might be *47 supposed we would more readily suppress wrongfully taken evidence in the private suit than in the criminal action.
As People v. Defore (242 N. Y. 13 [1926]) makes quite clear there is no distinction under the New York Civil Rights Law, now a part of the Constitution (N. Y. Const., art. I, § 12), between a private and a public invasion of privacy. Both are prohibited alike. In the noted opinion in that case Judge Cardozo wrote that evidence wrongfully taken by public authority would be received in New York in spite of the trend of Supreme Court cases the other way, in large part because similar evidence would be received when wrongfully taken by private persons. But thé main underpinning of that rule has now been swept away by Mapp v. Ohio (367 U. S. 643), which prohibits the receipt of evidence wrongfully taken by public authority. The converse of the logic of Defore is thus uncovered. If in Defore the rule in criminal cases was left unchanged to be consistent with the rule in civil cases, it is reasonable to expect that the rule in civil cases should be made consistent with the new rule in criminal cases. It is no answer to this to say we had to make the change in criminal cases under compulsion of Mapp. The fact is we have made the change and in making it developed a patent inconsistency in our rules of evidence.
If, instead of wrongfully entering her home, the plaintiff had obtained the evidence for his divorce suit by listening in on defendant’s telephone line in violation of the eavesdropping statute (Penal Law, § 738), the court would exclude the evidence (CPLR 4506). It is true enough that the eavesdropping rule is of legislative origin, but the general rule of admissibility was fashioned judicially and the court has a responsibility to refashion it when it can be seen, as it now becomes obvious, that it is operating unfairly and out of balance.
We ought not hang on tenaciously to the remnant of an old rule out of sentiment or by reason of inertia. If we continue to sanction a duality of this kind in the practice it will develop into an ultimate procedural incongruity which in the end will have to be adjusted. We ought to deal with it now by making the change in the direction of consistency while the criminal practice is adapting itself to Mapp. The change in fundamental viewpoint and the approach to wrongfully obtained *48 evidence have made our rule of admissibility in private cases inconsistent and discriminatory.
The judgment should be reversed.
Judges Dye, Fold, Burke and Scileppi concur with Chief Judge Desmond ; Judge Van Voorhis dissents in an opinion in which Judge Bergan concurs; Judge Bergan dissents in a separate opinion.
Judgment affirmed.